The Honorable Howard C. Forman Clerk of Circuit and County Court 201 Southeast 6th Street, Room 136 Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Forman:
You have asked for my opinion on substantially the following question:
Is the Clerk of Circuit Court authorized to impose a service charge of $4 pursuant to section 28.24(11), Florida Statutes, when issuing a certificate of compliance with court requirements for reinstatement of a driver's license?
In sum:
The Clerk of Courts of Broward County may impose the $4 fee for "writing a paper" authorized by section 28.24(11), Florida Statutes, if it has been determined that none of the specific fees provided in section 28.24, Florida Statutes, applies. However, to the extent that a specific service charge is authorized in the statute for the particular service performed by the clerk, that fee must be collected instead.
According to your letter, you are considering implementation of an initiative to better serve the needs of Broward County residents. In cooperation with the Department of Highway Safety and Motor Vehicles (DHSMV), you are considering placing deputy clerks at some state drivers' license offices in Broward County.
Currently, upon denial of drivers' license renewals by the state, residents often need to travel to the main courthouse in Fort Lauderdale to satisfy unpaid traffic citations. With deputy clerks placed at DHSMV offices, the residents would be more expeditiously served by being able to immediately satisfy the citations by payment to the clerk. When payment is received, the clerk issues a written "clearance form." You have advised this office that, rather than a mere receipt for monies paid, this "clearance form" is certification that the driver has complied with court requirements. Before fully implementing this initiative, you question the applicable statutory service charge that may be imposed by the clerk for these services.
Section 28.24, Florida Statutes, provides for service charges by the clerk of the circuit court. The clerk is required to impose certain charges for services rendered by that office in recording documents and instruments and in performing the particular duties listed.[1]
The monies collected for providing these services "shall be held in trust by the clerk and used exclusively for equipment and maintenance of equipment, personnel training, and technical assistance in modernizing the public records system of the office."[2] Among the services for which charges are authorized by section 28.24, Florida Statutes, are such things as court attendance by a clerk or deputy clerk, $75 per day;[3] preparing court minutes, $5 per page;[4] and receiving money into the registry of the court, 2 percent of the first $500 and 1 percent of each subsequent $100 thereafter.[5]
You have asked specifically about the applicability of section28.24(11), Florida Statutes, which authorizes a $4 charge "[f]or writing any paper other than herein specifically mentioned[.]" In addition to this section, however, section 28.24, Florida Statutes, includes several other provisions authorizing specific charges for certification of instruments:
"(5) For certifying copies of any instrument in the public records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.00
* * *
(17) For validating certificates, any authorized bonds, each .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.00
* * *
(19) For exemplified certificates, including signing and sealing . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.00
(20) For authenticated certificates, including signing and sealing . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.00"
Chapter 322, Florida Statutes, one of several statutory chapters regulating the ownership and operation of motor vehicles in Florida,[6] contains a number of provisions authorizing the suspension or revocation of a driver's license. For example, section 322.245, Florida Statutes, makes specific provision for the suspension of a driver's license if that person has been charged with a criminal violation of section 318.17 or a misdemeanor offense under chapters 320 or 322 and has not complied with the court's directives. Section 322.34, Florida Statutes, authorizes the imposition of additional penalties upon any person who drives a vehicle in Florida while his or her license or privilege is canceled, suspended, or revoked. If a person is arrested for a violation of section 322.34, Florida Statutes, the driver is charged with a criminal offense and, additionally, the vehicle involved is impounded or immobilized.[7]
In each of these cases, the statute itself provides directions to the clerk of court as to his or her duties in reinstating the driver's license or releasing the impounded vehicle. Section322.24(8)(f), Florida Statutes, provides that "[w]hen the bond is posted and the fee is paid as set forth in s. 28.24, the clerk of the court shall issue a certificate releasing the vehicle." Section 322.245(4), Florida Statutes, states that:
After suspension of the driver's license of a person pursuant to this section, the license may not be reinstated until the person complies with all court directives imposed upon him or her, including payment of the delinquency fee imposed by subsection (1), and presents certification of such compliance to a driver licensing office and complies with the requirements of this chapter or, in the case of a license suspended for nonpayment of child support in non-IV-D cases, until the person complies with the reinstatement provisions of s. 322.058 and makes payment of the delinquency fee imposed by subsection (2).
Clearly, Florida's traffic control laws contain various provisions authorizing the suspension or revocation of drivers' licenses for different offenses or violations. These statutes then require the clerk of courts to provide particular instruments assuring compliance with court directives prior to reinstatement of that privilege by the Department of Highway Safety and Motor Vehicles. The clerk must determine which type of documentation is required under the particular statute involved and must comply with the directions provided therein.
Therefore, it is my opinion that the Clerk of Courts of Broward County may impose the $4 fee for "writing a paper" authorized by section 28.24(11), Florida Statutes, if he of she has determined that none of the specific fees provided in section 28.24, Florida Statutes, applies. However, to the extent that a specific service charge is authorized in the statute for the particular service performed by the clerk, that fee must be collected instead.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 28.24, Fla. Stat., provides that in those counties where the clerk's office operates as a fiscal unit of the county under s. 145.022(1), Fla. Stat., the clerk shall not charge the county for the services enumerated in s. 28.24.
[2] Section 28.24(15), Fla. Stat.
[3] Section 28.24(1), Fla. Stat.
[4] Section 28.24(2), Fla. Stat.
[5] Section 28.24(13)(a)1.-2., Fla. Stat.
[6] Chapter 316, Fla. Stat., is the "Florida Uniform Traffic Control Law;" Ch. 318, Fla. Stat., is the "Florida Uniform Disposition of Traffic Infractions Act;" Ch. 319, Fla. Stat., deals with vehicle title certificates; Chs. 320 and 322, Fla. Stat., contain provisions regarding motor vehicle licenses and drivers' licenses; Ch. 321, Fla. Stat., relates to the Florida Highway Patrol; Ch. 323, Fla. Stat., regulates wrecker operators; Ch. 324, Fla. Stat., deals with financial responsibility requirements for operating a motor vehicle; and Ch. 325, Fla. Stat., regulates motor vehicle refrigerants and emissions.
[7] Section 322.34(8), Fla. Stat.